# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0792, <u>State of New Hampshire v. Stephen Socci</u>, the court on December 4, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendant, Stephen Socci, appeals an order of the Superior Court (<u>Delker</u>, J.), following our remand in <u>State v. Socci</u>, 166 N.H. 464 (2014), denying his motion to suppress.  The defendant argues that the trial court erred by finding that the police did not exploit their prior unconstitutional search in the course of gaining his consent to a subsequent search.  When reviewing a trial court's ruling on a motion to suppress, we accept the trial court's factual findings unless they lack support in the record or are clearly erroneous, and we review its legal conclusions <u>de</u> <u>novo</u>.  <u>Id</u>. at 468.

The trial court found that the only observation the police communicated to the defendant before he gave consent to the search was "that there was an 'obvious smell of marijuana in the area of the garage.'"  The trial court further found that "[t]he information about the smell of marijuana was based on observations made by [officers] while standing in the area in front of the garage."  Detective Wickson testified that he parked his vehicle in front of the garage, in "close proximity" to it, and that when he got out of the vehicle he "was overcome immediately by the fresh smell of fresh growing marijuana."  Similarly, Officer Peltier testified that "[a]s soon as [he] stepped out [of the vehicle] and shut the door, [he and Wickson] were right in front of the garage, and [he] immediately could smell an odor of fresh marijuana."  The trial court found that the officers parked their vehicle on "the paved area between the garage and the house [that] was accessible to anyone visiting the [defendant's] residence."  <u>See</u> <u>State v. Beauchemin</u>, 161 N.H. 654, 657 (2011) (stating when conservation officers entering private property "'restrict their movements to places visitors could be expected to go (e.g., walkways, driveways, porches),' observations made from these places" do not constitute illegal search).

The defendant argues that "Wickson's testimony makes clear that, while he smelled the marijuana immediately upon stepping out of his cruiser, he determined that the garage was the source of that odor only by approaching it."  We disagree.  Wickson testified that he made numerous observations regarding the garage during his illegal search.  However, he did not testify that the search was required to identify the area from which the smell of growing marijuana

emanated. A reasonable inference is that Wickson approached the garage because he could smell the odor of marijuana emanating from it. Furthermore, Wickson was not prohibited from approaching the garage while he remained "in places visitors could be expected to go," which includes driveways. See id. His actions became an illegal search only when he "circle[d] [the defendant's] garage to gather evidence." Socci, 166 N.H. at 470.

The defendant argues that, "when the police confronted him, they emphasized their suspicion that the garage was the source of the marijuana odor" and that the information was illegally obtained. On the contrary, we conclude that, given that the officers were permitted to park near the garage and smelled the odor of growing marijuana immediately upon leaving their vehicles, the trial court's finding that the information that the garage was the source of the odor was not obtained as a result of the illegal search is supported by the evidence and not legally erroneous. See id. at 468. Accordingly, we need not address the defendant's argument that the taint from the illegal search was not purged.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**
